# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DEBORAH CIMINO, )
)
           Plaintiff, )   Case No.: 2:17-cv-00870-GMN-PAL
vs. )
)   **ORDER**
UNITED STATES OF AMERICA, )
)
           Defendant. )
)

Pending before the Court is Defendant United States of America's ("Defendant's") Motion to Dismiss or in the Alternative for Summary Judgment, (ECF Nos. 16, 17). Plaintiff Deborah Cimino ("Plaintiff") filed a Response, (ECF No. 18), and Defendant filed a Reply, (ECF No. 19).[1] For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss.

## I.   <u>BACKGROUND</u>

This case arises from an alleged incident that occurred on July 12, 2014, in which a United States Postal Service ("USPS") employee closed a mailbox door on Plaintiff's arm. (Compl. ¶¶ 7–8, ECF No. 1). On March 24, 2017, Plaintiff filed her Complaint pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2771 *et. seq.*, alleging claims of negligence and vicarious liability. (*See Id.* at 1–4).

On Mach 29, 2016, Plaintiff filed an administrative complaint with USPS as required by the FTCA. (*Id.* ¶ 10); *see* 28 U.S.C.A. § 2401(b); (*see also* Bjurstrom Decl. ¶ 5, Ex. 1 to Mot. to Dismiss, ECF No. 16-1). On September 1, 2016, the USPS denied Plaintiff's claim and mailed the denial letter to Plaintiff's counsel. (Bjurstrom Decl. ¶ 7, Ex. 1 to Mot. to Dismiss, ECF No.

---

[1] After a review of the briefings, the Court finds that oral argument is unnecessary. Accordingly, Plaintiff's request for oral argument is **DENIED**.

16-1). In the instant Motion, Defendant moves for dismissal of Plaintiff's Complaint on the basis that Plaintiff "failed to timely commence this action within six months from the date the [administrative] claim was denied, as required by 28 U.S.C. § 2401(b)." (Mot. to Dismiss ("MTD") 2:10–12, ECF No. 17).

## II. **LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the Court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

In the instant Motion to Dismiss, Defendant argues that "Plaintiff's claim is time barred by the six-month limitations period in 28 U.S.C. § 2401(b)." (MTD 1:19, ECF No. 16). Specifically, Defendant claims that "Plaintiff filed her Complaint (ECF No. 1) on March 24, 2017, which is over six months from the date that the notice of final denial [of her administrative claim] was sent" from the USPS. (*Id.* 4:22–23). Therefore, Defendant asserts that "[p]ursuant to the terms of 28 U.S.C. § 2401, this failure mandates that Plaintiff's claim 'shall be forever barred.'" (*Id.* 4:23–24). In the alternative, Defendant argues that "there is no genuine dispute of material fact as to the failure of Plaintiff to timely file, and Defendant [ ] is entitled to judgment as a matter of law." (*Id.* 4:28–5:2).

Plaintiff agrees that the denial letter was received on September 7, 2016, and does not dispute that the Complaint was filed three weeks after the deadline pursuant to the FTCA. (Resp. 3:9–10, 3:16–17, ECF No. 18). However, Plaintiff argues that "[e]quitable tolling is merited in this case for the very brief period of time between the running of the deadline per FTCA and filing of the Complaint." (*Id.* 4:19–20). Plaintiff explains that her case was transferred among three different attorneys at the same firm after the receipt of the denial letter, and that as soon as the third attorney took over the case the deadline was discovered and the Complaint was filed. (*Id.* 3:10–17). Further, Plaintiff asserts that she "has been diligent about the prosecution of this claim." (*Id.* 5:1–2).

"A tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). However, "[t]he FTCA's time bars are nonjurisdictional and subject to equitable tolling." *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015). Because Plaintiff agrees that her Complaint

was filed past the deadline pursuant to 28 U.S.C. § 2401(b), the Court will analyze whether it should toll the statutory time limit on equitable grounds.

A "litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "[A] garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland*, 560 U.S. 631, 651–52 (2010) (internal quotation marks and citations omitted).

Here, The Court finds that Plaintiff is not entitled to equitable tolling of the six-month statute of limitations. The firm representing Plaintiff missed the filing deadline because the attorney handling this case was replaced twice. These attorney replacements do not establish that an extraordinary circumstance stood in the way of timely filing the Complaint. The Court finds that Plaintiff's circumstance is a "garden variety claim of excusable neglect," which does not warrant equitable tolling. *Menominee Indian Tribe of Wisconsin*, 136 S. Ct. at 755.

Further, the Court disagrees that Plaintiff has been pursuing her rights diligently. First, Plaintiff's Response to the instant Motion was untimely filed. Defendant's Motion was filed as a Motion to Dismiss or in the alternative a Motion for Summary Judgment on October 27, 2017. Responses to the Motion to Dismiss were due by November 10, 2017, and responses to the Motion for Summary Judgment were due by November 17, 2017. Therefore, if the Court chose to analyze Defendant's filing as a motion for summary judgment, the latest possible response deadline was November 17, 2017, and Plaintiff filed her Response on December 11, 2017, without seeking leave of Court. *See* D. Nev. LR 7-2 ("The deadline to file and serve any points and authorities in response to a motion for summary judgment is 21 days after service of the motion."). Accordingly, Plaintiff's Response, (ECF No. 18), is untimely.

Second, Plaintiff failed to timely file a certificate of interested parties. (*See* Order to Show Cause, ECF No. 4) (requiring Plaintiff to file a response why sanctions should not be imposed or file the certificate of interested parties). Plaintiff filed the certificate of interested parties on June 1, 2017, almost a month past the deadline. (*See* Certificate of Interested Parties, ECF No. 5). Third, Plaintiff failed to serve Defendant within ninety days of filing the Complaint. (*See* Notice of Intent to Dismiss Pursuant to FRCP 4(m), ECF No. 6). Plaintiff was permitted to extend the deadline for service and served Defendant on August 28, 2017. (*See* Order, ECF No. 8); (*see also* Summons Returned Executed, ECF No. 15).

In light of the foregoing, Plaintiff has failed to establish the elements that entitle her to equitable tolling. Accordingly, Plaintiff's action is time barred pursuant to 28 U.S.C. § 2401(b), and the Complaint cannot be cured by amendment. *DeSoto*, 957 F.2d at 658.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment, (ECF Nos. 16, 17), is **GRANTED**.

**DATED** this __30__ day of August, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court